## No. 962.

H. S. BUCKNER vs. M. T. GORDY, SHERIFF. RULE TO SHOW CAUSE IN THE MATTER.

·This is a rule taken by Buckner on the sheriff of St. Mary to show cause why he should not pay to the plaintiff in the rule a certain sum which is the proceeds of the sale of one undivided half of certain mortgaged property, after paying its proportion of the costs and taxes and the whole debt due the first-mortgage creditor.

·The sheriff had no right to make this disposition of the surplus in his hands. The debtor, at least, should have been made a party to the rule, if a rule were authorized in this case. This is made more manifest by the motion of the plaintiff to dismiss the appeal on the ground that the sheriff, being a mere stakeholder, had no right to appeal, and yet he alone is a party defendant in these proceedings. The case is remanded.

APPEAL from the Third Judicial District Court, parish of St. Mary. Train, J. Fred. Gates, for plaintiff and appellee. A. C. Dumartrait, for defendant and appellant.

LUDELING, C. J. This appeal is from a judgment rendered on a rule against the sheriff to show cause why he should not pay to the plaintiff $2809 56 out of the proceeds of the sale of the "Old Fuselier" plantation. The plaintiff alleges that he is a mortgage creditor of Mrs. G. L. Fuselier for the sum of twelve thousand dollars, and that after paying ·G. L. Grevemberg's debt there remained a surplus out of the half of the net proceeds of the sale amounting to the sum he claims. It appears that the said plantation was seized and sold under two writs, the two undivided halves of the place being mortgaged to different parties, and ·each creditor was forcing a sale under his mortgage. Buckner claimed

to have a mortgage upon the whole tract inferior in rank to the two mortgages above mentioned. The place sold for $14,774 50, $11,804 50 cash and $2970 in a twelve-months bond ; leaving, after deducting taxes and costs, $12,920 16, or $9950 16 in cash. The plaintiff contends that the $12,920 16, net proceeds of the whole tract, should be divided equally, and the mortgages which outranked his should be respectively deducted from the two halves, and that that would leave for the satisfaction of his mortgage the amount claimed. Conceding all this to be true, the sheriff had no right to make this disposition of the surplus in his hands. The debtor, at least, should have been made a party to the rule, if a rule were authorized in this case. This is made more manifest by the motion of the plaintiff to dismiss the appeal on the ground that the sheriff, being a mere stakeholder, had no right to appeal, and yet he alone is a party defendant in these proceedings.

It is therefore ordered that the judgment of the lower court be reversed, and that the case be remanded to the court *a qua* to make proper parties according to law. Appellee to pay costs of appeal.